```
                                              F I L E D
                                         CLERK, U.S. DISTRICT COURT

                                              4/5/2022

                                         CENTRAL DISTRICT OF CALIFORNIA
                                         BY:        VAM        DEPUTY
```

1  TRACY L. WILKISON
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   JEFF MITCHELL (Cal. Bar No. 236225)
4  Assistant United States Attorney
   Major Frauds Section
5  JASON C. PANG (Cal. Bar No. 296043)
   Assistant United States Attorney
6  International Narcotics,
    Money Laundering, & Racketeering Section
7       1100 United States Courthouse
        312 North Spring Street
8       Los Angeles, California 90012
        Telephone: (213) 894-0698/2652
9       Facsimile: (213) 894-3713
        E-mail:   jeff.mitchell@usdoj.gov
10                jason.pang@usdoj.gov

11 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

12                    UNITED STATES DISTRICT COURT

13               FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,          No. CR    2:22-cr-00124-RGK

15           Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                      EDGAR PORRAS
16               v.

17 EDGAR PORRAS,

18           Defendant.

19

20      1.    Subject to the approval of the Department of Justice,

21 Antitrust Division, this constitutes the plea agreement between EDGAR

22 PORRAS ("defendant") and the United States Attorney's Office for the

23 Central District of California (the "USAO") in the above-captioned

24 case.  This agreement is limited to the USAO and cannot bind any

25 other federal, state, local, or foreign prosecuting, enforcement,

26 administrative, or regulatory authorities.

27                     DEFENDANT'S OBLIGATIONS

28      2.    Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Bid Rigging, in violation of 15 U.S.C. § 1.

b.   Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by General Order 20-097 or another order, rule, or statute.  Defendant understands that, under the Constitution, the United States Code, the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

i.   Defendant consents under Federal Rules of Criminal Procedure 5(f) and 10(c) and Section 15002(b) of the CARES Act to proceed with his initial appearance and arraignment by VTC or telephone, if VTC is not reasonably available.

ii.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his waiver of indictment, under Federal Rule of Criminal Procedure 7(b), by VTC or telephone, if VTC is not reasonably available.

iii. Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

iv. Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

v. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pre-trial release by VTC or telephone, if VTC is not reasonably available.

c. Not contest facts agreed to in this agreement.

d. Abide by all agreements regarding sentencing contained in this agreement.

e. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

f. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

i. Recommend that defendant be sentenced to a fine of at least $5,500 and not to argue, or suggest in any way, either orally or in writing, that a lower fine amount be imposed.

3

1

## THE USAO'S OBLIGATIONS

2      3.    The USAO agrees to:

3           a.    Not contest facts agreed to in this agreement.

4           b.    Abide by all agreements regarding sentencing contained

5    in this agreement.

6           c.    At the time of sentencing, provided that defendant

7    demonstrates an acceptance of responsibility for the offense up to

8    and including the time of sentencing, recommend a two-level reduction

9    in the applicable Sentencing Guidelines offense level, pursuant to

10   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

11   additional one-level reduction if available under that section.

12

## NATURE OF THE OFFENSE

13     4.    Defendant understands that for defendant to be guilty of

14   the crime charged in the single-count information, that is, Bid

15   Rigging, in violation of Title 15, United States Code, Section 1, the

16   following must be true:

17          a.    There was a combination or conspiracy to restrain

18   trade during the time alleged in the information;

19          b.    The defendant knowingly joined the conspiracy; and

20          c.    The activity was in the flow of or substantially

21   affected interstate or foreign commerce.

22

## PENALTIES

23     5.    Defendant understands that the statutory maximum sentence

24   that the Court can impose for a violation of Title 15, United States

25   Code, Section 1, is: 10 years' imprisonment; a three-year period of

26   supervised release; a fine of $1,000,000 or twice the gross gain or

27   gross loss resulting from the offense, whichever is greatest; and a

28   mandatory special assessment of $100.

6.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.    Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant

1  fully regarding the immigration consequences of the felony conviction

2  in this case.  Defendant understands that unexpected immigration

3  consequences will not serve as grounds to withdraw defendant's guilty

4  plea.

5                          FACTUAL BASIS

6       9.   Defendant admits that defendant is, in fact, guilty of the

7  offense to which defendant is agreeing to plead guilty.  Defendant

8  and the USAO agree to the statement of facts provided below and agree

9  that this statement of facts is sufficient to support a plea of

10 guilty to the charge described in this agreement and to establish the

11 Sentencing Guidelines factors set forth in paragraph 11 below but is

12 not meant to be a complete recitation of all facts relevant to the

13 underlying criminal conduct or all facts known to either party that

14 relate to that conduct.

> Between 2013 and 2018, defendant knowingly joined and
> participated in a conspiracy to rig bids to obtain
> contracts from the United States Bureau of Prisons ("BOP")
> to supply food to BOP facilities. The BOP solicited
> competitive quotations from food suppliers, as required
> under the Federal Acquisition Regulation, and awarded the
> contract to the lowest bidder.  As defendant then knew, the
> primary purpose of the conspiracy was to suppress and
> restrain competition for the contacts for food to be
> supplied to the BOP.

> Company A and Company B were separate, unrelated food
> supply companies that competed against each other for the
> contracts to supply food to the BOP and other entities.
> Each company was separately registered in the System for
> Award Management government contract database.

> Between 2013 and 2018, defendant was employed as a
> contractor with Company A.  Defendant was responsible for
> bidding on food contracts offered by the BOP, and earned a
> commission for doing so.  Defendant conspired and agreed
> with co-conspirator 1 ("CC-1") to submit non-competitive
> bids to the BOP to undermine the bidding process.  In
> furtherance of the conspiracy, defendant and CC-1 agreed
> that CC-1 would submit bids on behalf of Company B using
> her AOL email account.  Defendant and CC-1 agreed to, and
> did, exchange price information and agreed which company

6

would submit the lowest, and therefore the presumptively winning, bid for the contract.

For example, on August 30, 2017, defendant submitted a bid on behalf of Company A on a contract to supply ground beef to FCI Terminal Island.  That same day, as defendant knew and agreed, CC-1 intentionally submitted a non-competitive bid on the same food contract on behalf of Company B.

During the relevant period, the conspiratorial activities described above took place in the Central District of California, and were within the flow of, and substantially affected, interstate trade and commerce. Specifically, Company A's food shipments that were the subject of the bid-rigging conspiracy originated in the Central District of California and were shipped to BOP facilities and prisoners located in states other than California.

Defendant admits that, as part of the conspiracy, he agreed to rig the BOP bidding process for approximately 111 food contracts that affected approximately $1.9 million in commerce, and that this conduct is relevant conduct within the meaning of United States Sentencing Guideline § 1B1.3.

<u>SENTENCING FACTORS</u>

10.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 12 | U.S.S.G. § 2R1.1(a) |
| Agreement to Submit Noncompetitive Bids | +1 | U.S.S.G. § 2R1.1(b)(1) |
| Volume of Commerce more than $1 million but less than $10 million | +2 | U.S.S.G. § 2R1.1(b)(2)(A) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

12. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

15.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.   Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

16.   Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 13 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, with the exception of the Court's

calculation of defendant's criminal history category; (b) the term of
imprisonment imposed by the Court, except to the extent it depends on
the Court's calculation of defendant's criminal history category;
(c) the fine imposed by the Court, provided it is within the
statutory maximum; (d) to the extent permitted by law, the
constitutionality or legality of defendant's sentence, provided it is
within the statutory maximum; (e) the term of probation or supervised
release imposed by the Court, provided it is within the statutory
maximum; and (f) any of the following conditions of probation or
supervised release imposed by the Court: the conditions set forth in
Second Amended General Order 20-04 of this Court; the drug testing
conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d).

17.  Defendant also gives up any right to bring a post-
conviction collateral attack on the conviction or sentence, except a
post-conviction collateral attack based on a claim of ineffective
assistance of counsel, a claim of newly discovered evidence, or an
explicitly retroactive change in the applicable Sentencing
Guidelines, sentencing statutes, or statutes of conviction.
Defendant understands that this waiver includes, but is not limited
to, arguments that the statute to which defendant is pleading guilty
is unconstitutional, and any and all claims that the statement of
facts provided herein is insufficient to support defendant's plea of
guilty.

18.  The USAO agrees that, provided (a) all portions of the
sentence are at or below the statutory maximum specified above and
(b) the Court imposes a term of imprisonment within or above the
range corresponding to an offense level of 13 and the criminal

10

1   history category calculated by the Court, the USAO gives up its right

2   to appeal any portion of the sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

4      19.  Defendant agrees that if, after entering a guilty plea

5   pursuant to this agreement, defendant seeks to withdraw and succeeds

6   in withdrawing defendant's guilty plea on any basis other than a

7   claim and finding that entry into this plea agreement was

8   involuntary, then the USAO will be relieved of all of its obligations

9   under this agreement.

EFFECTIVE DATE OF AGREEMENT

11     20.  This agreement is effective upon signature and execution of

12  all required certifications by defendant, defendant's counsel, and an

13  Assistant United States Attorney.

BREACH OF AGREEMENT

15     21.  Defendant agrees that if defendant, at any time after the

16  effective date of this agreement, knowingly violates or fails to

17  perform any of defendant's obligations under this agreement ("a

18  breach"), the USAO may declare this agreement breached.  All of

19  defendant's obligations are material, a single breach of this

20  agreement is sufficient for the USAO to declare a breach, and

21  defendant shall not be deemed to have cured a breach without the

22  express agreement of the USAO in writing.  If the USAO declares this

23  agreement breached, and the Court finds such a breach to have

24  occurred, then: (a) if defendant has previously entered a guilty plea

25  pursuant to this agreement, defendant will not be able to withdraw

26  the guilty plea, and (b) the USAO will be relieved of all its

27  obligations under this agreement.

11

1

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

2

<u>OFFICE NOT PARTIES</u>

3      22.  Defendant understands that the Court and the United States

4  Probation and Pretrial Services Office are not parties to this

5  agreement and need not accept any of the USAO's sentencing

6  recommendations or the parties' agreements to facts or sentencing

7  factors.

8      23.  Defendant understands that both defendant and the USAO are

9  free to: (a) supplement the facts by supplying relevant information

10  to the United States Probation and Pretrial Services Office and the

11  Court, (b) correct any and all factual misstatements relating to the

12  Court's Sentencing Guidelines calculations and determination of

13  sentence, and (c) argue on appeal and collateral review that the

14  Court's Sentencing Guidelines calculations and the sentence it

15  chooses to impose are not error, although each party agrees to

16  maintain its view that the calculations in paragraph 11 are

17  consistent with the facts of this case.  While this paragraph permits

18  both the USAO and defendant to submit full and complete factual

19  information to the United States Probation and Pretrial Services

20  Office and the Court, even if that factual information may be viewed

21  as inconsistent with the facts agreed to in this agreement, this

22  paragraph does not affect defendant's and the USAO's obligations not

23  to contest the facts agreed to in this agreement.

24      24.  Defendant understands that even if the Court ignores any

25  sentencing recommendation, finds facts or reaches conclusions

26  different from those agreed to, and/or imposes any sentence up to the

27  maximum established by statute, defendant cannot, for that reason,

28  withdraw defendant's guilty plea, and defendant will remain bound to

1    fulfill all defendant's obligations under this agreement.  Defendant

2    understands that no one -- not the prosecutor, defendant's attorney,

3    or the Court -- can make a binding prediction or promise regarding

4    the sentence defendant will receive, except that it will be within

5    the statutory maximum.

NO ADDITIONAL AGREEMENTS

7        25.  Defendant understands that, except as set forth herein,

8    there are no promises, understandings, or agreements between the USAO

9    and defendant or defendant's attorney, and that no additional

10   promise, understanding, or agreement may be entered into unless in a

11   writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13       26.  The parties agree that this agreement will be considered

14   part of the record of defendant's guilty plea hearing as if the

15   entire agreement had been read into the record of the proceeding.

16   AGREED AND ACCEPTED

17   UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
18   CALIFORNIA

19   TRACY L. WILKISON
     United States Attorney

21    */s/ Jeff Mitchell*                         *4/1/2022*
     _____                _____
22   JEFF MITCHELL                          Date
     JASON C. PANG
23   Assistant United States Attorneys

24   _____                *3·18·2022*
                                            _____
     EDGAR PORRAS                           Date
25   Defendant

26   _____                *3/18/2022*
                                            _____
     ADAM OLIN                              Date
27   Attorney for Defendant Edgar Porras

28

13

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     3.18.2022
EDGAR PORRAS                          Date
Defendant


## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Edgar Porras' attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be

asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     3/18/2022
ADAM OLIN                           _____
Attorney for Defendant Edgar Porras  Date

EXHIBIT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. |
| Plaintiff, | I N F O R M A T I O N |
| v. | [15 U.S.C. § 1: Bid Rigging] |
| EDGAR PORRAS, | |
| Defendant. | |

The United States Attorney charges:

[15 U.S.C. § 1]

A.   INTRODUCTIONARY ALLEGATIONS

At times relevant to this information:

1.   The United States Bureau of Prisons ("BOP") was a component of the Department of Justice tasked with protecting society by confining offenders in the controlled environments of prisons and community-based facilities that were safe, humane, cost-efficient, and appropriately secure.

2.   The BOP procured food products and services for approximately 180,000 inmates housed in 122 institutions throughout the United States.  The BOP utilized FedBid and Federal Business Opportunities to post solicitations for suppliers for quarterly food

1    purchases at the various institutions; however, when the

2    institutions, including institutions in Los Angeles County, required

3    items in addition to the quarterly food purchases, the BOP solicited

4    competitive quotations from food suppliers, as required under the

5    Federal Acquisition Regulation.

6    B.    THE COMBINATION AND CONSPIRACY

7          3.    Beginning no later than 2013 and continuing until in or

8    about August 2018, in Los Angeles County, within the Central District

9    of California, and elsewhere, defendant EDGAR PORRAS knowingly

10   combined, conspired and agreed with others, including co-conspirator

11   1 ("CC-1") to suppress and restrain competition by rigging bids to

12   obtain selected food contracts offered by the BOP in unreasonable

13   restraint of interstate trade and commerce.

14         4.    The combination and conspiracy consisted of a continuing

15   agreement, understanding, and concert of action among defendant

16   PORRAS and his co-conspirators to suppress competition by agreeing to

17   refrain from bidding against each other, or to submit collusive non-

18   competitive bids, in connection with food supply contracts to be

19   awarded by the BOP.

20         5.    For the purpose of forming and carrying out the combination

21   and conspiracy, defendant PORRAS and his co-conspirators combined and

22   conspired to do, and did do, the following things, among others:

23             a.    agreeing not to compete in connection with food supply

24   contracts to be awarded by the BOP in Los Angeles County and

25   elsewhere;

26             b.    designating which conspirator would submit the lowest

27   and, therefore, the presumptively winning bids for particular food

28   contracts from the BOP;

                                    2

1        c.   refraining from bidding against each other, submitting

2  collusive non-competitive bids, and causing the BOP to refrain from

3  obtaining additional bids for the food supply contracts.

4  C.   <u>TRADE AND COMMERCE</u>

5      6.   The above-described business activities of defendant PORRAS

6  and his co-conspirators were within the flow of, and substantially

7  affected, interstate trade and commerce.

8

9                              TRACY L. WILKISON
                                United States Attorney

10

11

12                           SCOTT M. GARRINGER
                           Assistant United States Attorney

13                           Chief, Criminal Division

14                           RANEE A. KATZENSTEIN
                           Assistant United States Attorney

15                           Chief, Major Frauds Section

16                           MONICA E. TAIT
                           Assistant United States Attorney

17                           Deputy Chief, Major Frauds Section

18

19                           JEFF MITCHELL
                           Assistant United States Attorney

20                           Major Frauds Section

21                           JASON C. PANG
                           Assistant United States Attorney

22                           International Narcotics, Money
                           Laundering, & Racketeering

23                           Section

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, **Simonia White**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT FOR DEFENDANT EDGAR PORRAS**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

**EDGAR PORRAS**
**c/o Adam Olin, Esq.**
**321 E. 2nd Street**
**Los Angeles, CA 90012**

This Certificate is executed on **April 5, 2022**, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

*Simonia White*
Simonia White
Legal Assistant